```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

Alexandra Drake,
     Plaintiff

     v.                                 Case No. 16-cv-470-SM
                                        Opinion No. 2017 DNH 106
Town of New Boston, et al.,
     Defendants

**O R D E R**

Plaintiff, Alexandra Drake, worked as a police officer for the Town of New Boston Police Department from June 1, 2013, until June 9, 2015, when she was placed on administrative leave. On December 8, 2015, the New Boston Board of Selectmen terminated her employment. Drake subsequently filed a multicount complaint against the Town of New Boston, New Hampshire (the "Town" or "New Boston"); James Brace, in his official capacity as New Boston's Chief of Police and in his individual capacity; New Boston Board of Selectmen members Dwight Lovejoy, Christine Quirk and Joseph Constance, in their individual and official capacities; New Boston Police Lieutenant Michael Masella, in his individual and official capacities; and Gary Fisher, Chief Deputy Sheriff of the Hillsborough County Sheriff's Department, in his individual and official capacities.

Fisher and Masella have filed for judgment on the pleadings on several of Drake's claims against them. Masella's motion for judgment on the pleadings is limited to Drake's Section 1983 claims against him, while Fisher moves for judgment on all of Drake's

1

claims.  Masella's motion is granted, and Fisher's motion is granted in part and denied in part.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)."  Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007) (citations omitted).  Accordingly, "[t]he court accepts the plaintiff's well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor."  Holder v. Town of Newton, No. 09-CV-341-JD, 2010 WL 3211068, at *1 (D.N.H. Aug. 11, 2010) (citing Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 23 (1st Cir. 2009)).

To survive defendants' motion, each count of plaintiff's complaint must allege all of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).  Judgment on the pleadings will be entered "only if the uncontested and properly considered facts conclusively establish the

movant's entitlement to a favorable judgment." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006).

## BACKGROUND

The facts as set forth in Drake's complaint are extensively detailed in the court's contemporaneous order on the motion to dismiss filed by the Town of New Bedford, Chief Brace, Dwight Lovejoy, Christine Quirk and Joseph Constance. The parties' familiarity with the relevant facts is assumed, and the court shall not repeat them here. Where necessary, the court will refer to pertinent or additional facts.[1]

## DISCUSSION

**Count 1 - Civil Conspiracy (Brace, Masella, Fisher)**

Fisher has moved for judgment on the pleadings as to Drake's civil conspiracy claim against him.

Under New Hampshire law, the "essential elements" of civil conspiracy are: (1) two or more persons; (2) an object to be

---

[1] Drake asks the court to consider a number of exhibits she attached to her objection to the Town Defendants' motion to dismiss, which seemingly comprise the administrative record before the New Hampshire Commission for Human Rights. She argues these documents are "properly before the court." Obj. to Fisher's Mot. for Judgment on the Pleadings, p. 3. The court disagrees.

In reviewing a Rule 12(c) motion, the court may "consider documents the authenticity of which are not disputed by the parties, documents central to the plaintiffs' claim, and documents

3

accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means, or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987). Fisher argues that Drake's civil conspiracy charge against him must be dismissed because Drake fails to sufficiently allege that Fisher agreed to participate in or facilitate any unlawful purpose.

Drake alleges that Brace, Masella, and Fisher entered into "overt or covert" agreements to "file false complaints against Drake, coerce or facilitate coverups, obfuscate, or delay the discovery of truth" in an effort to conceal Masella's illegal conduct, and engaged in acts to, inter alia, "conduct an improper, biased investigation" in an effort to force Drake out of her job. Compl. ¶ 123. In response to Fisher's motion, Drake argues that her allegations concerning Brace's purported involvement in Fisher's investigation, and the results of the investigation, support an inference that

---

sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (internal quotation and punctuation omitted). Plaintiff's exhibits are not referred to in the complaint, nor are they central to her claims. Moreover, Fisher's position on the authenticity of the documents is unclear, because Fisher did not file a reply memorandum. Accordingly, the court declines to consider plaintiff's exhibits for purposes of this motion. And, for similar reasons, the court declines to consider the exhibits plaintiff attached to her Objection to Fisher's Motion for Judgment on the pleadings.

Brace, Fisher, and/or Masella entered into an overt or tacit agreement to conspire against her.

Drake offers no precedent in support of her argument, and the court is not persuaded. As noted in the court's order on the Town Defendants' motion to dismiss, Drake's complaint lacks any factual allegation that would support a plausible inference that Brace, Fisher and Masella entered into an agreement to conspire against her.

Accordingly, Fisher's motion for judgment on the pleadings on Drake's civil conspiracy claim is granted, albeit without prejudice. To the extent Drake can plausibly and in good faith assert factual allegations that would support a cognizable claim for civil conspiracy against Fisher, she may file a timely motion to amend her complaint. See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### Count 3 – Intentional Interference with Contractual Relationship (Masella, Brace, and Fisher)

Fisher has also moved for judgment on Drake's intentional interference with contractual relationship claim.

In order to state a claim for intentional interference with contractual relations under New Hampshire law, Drake must allege that: (1) she had a contractual relationship with a third party; (2) defendants knew of that contractual relationship; (3) defendants wrongfully induced the third party to breach the contract; and (4) Drake's damages were proximately caused by defendants' interference. Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 306 (D.N.H. 2012) (citing Roberts v. General Motors Corp., 138 N.H. 532, 539, 643 A.2d 956 (1994)) (additional citations omitted).

Fisher points out that the only factual allegations set forth in Drake's complaint that relate to Fisher are that he purportedly: (1) allowed Drake's involvement in the independent investigation; and (2) took too long to complete his investigation. Those allegations, says Fisher, are plainly insufficient to support a finding that Fisher "intentionally and improperly interfered" with Drake's contractual relationship. Mem. in Supp. of Mot. for Judgment on the Pleadings, p. 5 (quoting Demetracopoulos v. Wilson, 138 N.H. 371, 373-274 (1994)).

Fisher relies upon Demetracopoulos v. Wilson, 138 N.H. 371. In that case, a certified public accountant issued an audit report finding that plaintiff's employment contract violated the employer's personnel policies manual. Id. at 373. The employer then terminated the plaintiff's employment, and plaintiff filed suit against the

6

accountant, alleging intentional interference with contractual relations. On appeal, the New Hampshire Supreme Court reversed and remanded, finding that the jury had not been properly instructed that a defendant could not be held liable unless the jury found "such interference occurred as a consequence of conduct that was both intentional and improper." Id. at 374. The court further stated: "To establish that the defendant's conduct was improper, the plaintiff had to show that the interference with his contractual relations was either desired by the defendant or known by him to be a substantially certain result of his conduct." Id. And, the court continued, to the extent plaintiff's claim relied upon any inaccuracies within the report, defendant could not be found liable unless he "knew or believed the report contained false information." Id. at 375.

Here, Fisher argues, Drake's claim fails because she fails to allege that his investigation report contains any inaccuracies, that Fisher was aware of any inaccuracies in the report, that Fisher desired Drake's termination, or even that Fisher understood that Drake's termination would be substantially certain to result from any improper conduct on his part.

Drake responds that she has sufficiently alleged Fisher's wrongful intent, because she alleged that "Fisher . . . allowed [Chief Brace], the accomplice and cover-up artist with his own hide

7

on the line, to 'rewrite' the biased [investigation] report." Obj. to Mot. for Judgment on the Pleadings, p. 10. She argues that a "fair reading" of the complaint supports a finding that Fisher "perpetuated what [he] knew to be lies and half-truths," "add[ing] his own gloss of credibility, to . . . manufacture a report" to punish Drake for "expos[ing]" Brace and Masella. Id. at p. 11. Therefore, Drake says, "Fisher's actions did substantially contribute to Drake's separation from employment . . . These outcomes were entirely foreseeable." Id. Drake cites no authority in support of her argument, but makes an effort to distinguish Demetracopoulos by arguing that she has alleged that Fisher's report went beyond "mere incompetence or good faith inconsequential errors." Id. at p. 10.

Drake's arguments are unconvincing. Accepting all facts pled by Drake as true, and drawing all reasonable inferences in her favor, Drake's complaint does not sufficiently allege facts that could support a plausible inference that Fisher "intentionally and improperly," Demetracopoulos v. Wilson, 138 N.H. at 374, interfered with Drake's contractual relationship with the Town of New Boston. And, while Drake argues in her brief that it was foreseeable that Drake would be terminated as a result of Fisher's purported misconduct, she does not allege any facts that suggest Fisher "was motivated, in whole or in part, by a desire to interfere with [Drake's] contractual relations." Restatement (Second) of Torts § 767 (1979) (further stating: "if there is no desire at all to

8

accomplish the interference and it is brought about only as a necessary consequence of the conduct of the actor engaged in for an entirely different purpose, his knowledge of this makes the interference intentional, but the factor of motive carries little weight toward producing a determination that the interference was improper.").

Accordingly, Fisher's motion for judgment on Drake's intentional interference with contractual relationship claim is granted, albeit without prejudice. To the extent Drake can plausibly and in good faith assert factual allegations that would support a cognizable claim against Fisher, she is free to move to amend her complaint in a timely way. See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

**Count VII and Count VIII**
**Section 1983 – Procedural and Substantive Due Process; First Amendment**
**Section 1983 – Conspiracy to Violate Civil Rights**

Fisher and Masella have moved for judgment on the pleadings on Drake's Section 1983 claims against them. The court has determined that Drake has not sufficiently stated a claim for violation of her due process or First Amendment rights. For the reasons given in the court's contemporaneous order on the Town Defendants' motion to

dismiss, Fisher's and Masella's motions are granted as to Drake's procedural due process claim, her substantive due process claim, and her First Amendment retaliation claim.

Because Drake has not stated a claim for violation of her civil rights, she also has not stated a claim for conspiracy to violate those constitutional rights. See Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006) ("[W]hile conspiracies may be actionable under section 1983, it is necessary that there have been, besides the agreement [among conspirators], an actual deprivation of a right secured by the Constitution and laws.") (citations omitted). Accordingly, Fisher's and Masella's motions for judgment on Drake's Section 1983 conspiracy claim are granted as well.

**Count X – RSA 354-A: 2, 7, 19 – Sexual Harassment, Aiding & Abetting, Retaliation (All Defendants)**

Drake has agreed to dismissal of her RSA 354-A sexual harassment and hostile work environment claims against Fisher. Therefore, Drake's remaining RSA 354-A claims against Fisher are for aiding and abetting discrimination, and retaliation. Fisher has moved to dismiss those claims.

Fisher makes two arguments in support of his motion for judgment on Drake's RSA 354-A claims. First, Fisher points out that, as an employee of the County Sheriff's Department, he was not Drake's

supervisor, or even a co-employee. Therefore, he says, he could not subject Drake to any adverse employment action, nor does Drake allege that he was able to do so. Similarly, Fisher argues that, as a third party, he cannot be held liable for aiding and abetting discrimination in the workplace. Second, Fisher argues that, because Drake failed to file a charge of discrimination against him with the New Hampshire Commission for Human Rights, her RSA 354-A claim must be dismissed for failure to exhaust administrative remedies.

Drake argues that Fisher was working as Brace's authorized agent, and, therefore, was empowered to act on the Town's behalf. Drake also relies upon the New Hampshire Supreme Court's recent opinion in U.S. Equal Employment Opportunity Comm. v. Fred Fuller Oil Co., Inc., 168 N.H. 606, 613 (2016), for the proposition that "any person who retaliates against another person in the workplace because he or she has taken any of the specified protected actions is liable, under RSA 354-A:19, for an unlawful discriminatory practice." Therefore, Drake argues, Fisher can be held liable.

Assuming arguendo that a retaliation claim can be asserted against an individual who is not employed by the plaintiff's employer, to the extent Drake asserts a direct retaliation claim against Fisher, she has not stated a claim. That is because Drake has not alleged any facts that would plausibly support a finding that Fisher himself "discharge[d], expel[ed], or otherwise retaliate[d] or

discriminate[d]" against Drake, N.H. Rev. Stat. Ann. § 354-A:19, in retaliation for Drake's reporting Masella's misconduct to her superior officers, or for filing a charge with the New Hampshire Human Rights Commission. While Drake's complaint is confusing, her theory seems to be that Fisher was motivated to conduct a purportedly biased investigation in retaliation for Drake having filed an EEOC charge. The basis for that speculative theory is difficult to discern, given that Fisher himself was not named in the charge. And, Drake makes no effort to allege any facts in support of that theory. For those reasons, Drake has not stated a retaliation claim against Fisher (but, again, it is hardly clear from Drake's confusing complaint whether she <u>is</u> alleging a direct claim against Fisher).

Whether Drake has alleged an aiding and abetting discrimination and retaliation claim against Fisher is a closer call, and likely raises a novel issue of state law. In <u>U.S. Equal Employment Opportunity Comm. v. Fred Fuller Oil Co., Inc.</u>, defendant argued that plaintiffs were barred from asserting RSA 354-A claims against him as an individual. 168 N.H. 606. The New Hampshire Supreme Court disagreed, finding, based on the language of the statute, that an individual could be held liable for aiding and abetting unlawful employment discrimination, rejecting defendant's argument that liability for aiding and abetting discrimination was limited to employers. The Court further held that an individual employee could be held liable under RSA 354-A:19, which bars retaliation in the

workplace.  However, the Court noted that it was not directly addressing "whether individuals <u>who are not employed by the plaintiff's employer</u> may be liable for retaliation under the statute."  <u>U.S. Equal Employment Opportunity Comm. v. Fred Fuller Oil Co., Inc.</u>, 168 N.H. at 613 (emphasis added).

Given the complexity and the novelty of the legal issue, both parties' briefing on this topic is relatively sparse.  The court hesitates to resolve this novel question of state law, despite its apparent factual and contextual weakness, without more focused briefing from both parties.  Accordingly, Fisher's motion for judgment on Drake's RSA 354-A aiding and abetting claims against him is denied at this juncture.  Fisher is, of course, free to raise the issue at summary judgment with the benefit of a more fully developed record and briefing.

Moving to Fisher's exhaustion of administrative remedies argument, Drake concedes that she did not name Fisher in her initial charge of discrimination filed on June 8, 2015.  At that point, Drake points out, Fisher's investigation had not yet commenced, and so there was no need to name Fisher in her charge.  However, Drake says, on April 6, 2016, she filed a supplement to her initial filing in which she named Fisher.

As this court noted in its contemporaneous order on the Town Defendants' motion to dismiss, "a plaintiff generally may not maintain a suit against a defendant in federal court if that defendant was not named in the administrative proceedings and offered an opportunity for conciliation or voluntary compliance." McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) (citing 42 U.S.C. § 2000e-5(f) ("civil action may be brought against the respondent named in the charge")). "However, this general rule is not absolute." Burnett v. Ocean Properties Ltd., No. 2:16-CV-00359-JAW, 2017 WL 1331134, at *7 (D. Me. Apr. 11, 2017) (citing McKinnon, 83 F.3d at 505). As the court previously determined with respect to a similar argument made by the individual Town Defendants, a more fully developed factual record is necessary for the court to determine whether an exception to the general rule applies here. Accordingly, the court declines to grant Fisher's motion for judgment on the pleadings on that basis at this juncture. Again, Fisher is free to raise the issue at summary judgment with the benefit of a more fully developed record and briefing.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Fisher's memorandum and the court's contemporaneous order on the Town Defendants' motion to dismiss, Fisher's motion for judgment on the pleadings (document no. 20) is **GRANTED** in part and **DENIED** in part, as set forth herein. Masella's motion for partial judgment on the

pleadings (document no. 19) is **GRANTED** for the foregoing reasons, as well as those set forth in Masella's memorandum and the court's contemporaneous order on the Town Defendants' motion to dismiss.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 6, 2017

cc: Tony F. Soltani, Esq.
    Donald L. Smith, Esq.
    Brian J. S. Cullen, Esq.
    Samantha D. Elliott, Esq.